United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-41580
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**IGNACIO GARCIA-HERNANDEZ,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-395-1
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ignacio Garcia-Hernandez ("Garcia") pleaded guilty to illegal reentry into the United States after having been deported, a violation of 8 U.S.C. § 1326, and was sentenced to 37 months in prison and three years of supervised release. He now appeals his conviction and sentence.

Garcia argues that the district court erred in imposing a 16-level offense-level increase based on his prior aggravated-assault conviction, for which he had been sentenced to 10 years of probation, under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2001).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Acknowledging that the 16-level increase was warranted under the "literal terms" of the guideline, he suggests that, in amending § 2L1.2, the Sentencing Commission could not have intended that a prior offense that did not even qualify as an "aggravated felony"--i.e., a felony for which the defendant had been sentenced to one year or more in prison--receive the full 16-level increase. Interpretation of the Sentencing Guidelines is subject to ordinary rules of statutory construction, and if the guideline's language is unambiguous, our inquiry begins and ends with an analysis of the plain meaning of that language. United States v. Carbajal, 290 F.3d 277, 283 (5th Cir.), cert. denied, 123 S. Ct. 34 (2002). The only exception to this rule is when a clear contrary legislative intention is shown, an exception that applies only in "rare and exceptional circumstances." See Ardestani v. INS, 502 U.S. 129, 135-36 (1991). Garcia has not established that the commentary to and history of the amended § 2L1.2 establish that the Commission did not intend that some offenses that do not qualify as "aggravated felonies" within the meaning of the guideline nonetheless warrant the guideline's top offense-level increase.

Garcia also contends that 8 U.S.C. § 1326(b) is unconstitutional on its face under Apprendi v. New Jersey, 530 U.S. 466 (2000), in that the felony "element" of the offense need not be submitted to the factfinder for proof. As Garcia concedes, his contention regarding Apprendi is foreclosed by the caselaw of this court and by Apprendi itself. See United States v. Dabeit, 231

F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in Apprendi, 530 U.S. at 489-90, expressly declined to overrule the controlling Almendarez-Torres v. United States, 523 U.S. 224 (1998)).  Garcia raises this issue to preserve it for review by the Supreme Court.

Garcia's conviction and sentence are **AFFIRMED**.